IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. RONNIE LAUDERDALE, **Defendant**. | Case No. 3:07-CR-30052-NJR-1 |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a letter filed by Defendant Ronnie Lauderdale regarding the payment of his $5,000 criminal monetary penalty, which the Court construes as a motion to adjust his payment plan (Doc. 195). Lauderdale states that he entered an agreement to pay $25 every three months toward the penalty, but that his Corrections Counselor is now attempting to raise his fine payment. He also argues that his judgment states his fine payment is to "begin immediately," but does not say the fine must be paid through the Bureau of Prisons. Lastly, he asserts, his judgment specifically states that he is to make payments from the money he earns while in prison, not from funds his family sends him from their own pockets. To rectify this issue, Lauderdale states that he would like to arrange payments to the Court directly rather than through the Bureau of Prisons.

The Court, however, is not responsible for collecting a fine imposed by a judgment. In *In re Buddhi*, the Seventh Circuit Court of Appeals explained that the Attorney General,

not the courts, is "responsible for collection of an unpaid fine or restitution imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper." *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011) (citation omitted). Furthermore, "courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation . . . ." *Id.* (quoting *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008)).

Under the Inmate Financial Responsibility Program (IFRP), the Bureau of Prisons assists the inmate in developing a financial plan for meeting his financial obligations. 28 C.F.R. § 545.10. When developing the inmate's plan, the unit staff is to consider both "institution resources or non-institution (community) resources," excluding $75 a month deposited into the inmate's trust fund account. *Id.* at § 545.11(b). Although the Seventh Circuit has held that inmates' participation in the IFPR is voluntary, there are significant consequences that may result from a prisoner's decision not to participate in the program. *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011); *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010); 28 C.F.R. § 545.11(d) (listing consequences).

Courts analyzing the IFRP have found that "non-institution (community) resources" includes money obtained from outside resources including money sent to the inmate by family. *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999) (prison's decision to count funds obtained through outside sources was expressly permitted by IFRP regulations); *Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010) (quoting *Pierson v.*

*Morris*, 282 F. App'x 347, 348 (5th Cir. 2008) (unpublished) ("[Section] 545.11(b) authorize[s] the Bureau to consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP. We see no indication that family gifts are excluded from the category of 'non-institution (community) resources.'); *see also Moreno v. Hood*, 10 F. App'x 600, 601 (9th Cir. 2001).

Moreover, the Bureau of Prisons has the unilateral discretion to increase an inmate's IFRP payment based on his available resources. *McGhee*, 166 F.3d at 887. The Court has no authority to interfere with that discretion. *See In Re: Buddhi*, 658 F.3d at 741-42 (7th Cir. 2011) (district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP payment plan installment).

Based on the foregoing, the Court finds that Lauderdale's fine is properly being collected by the Bureau of Prisons and not the Court. The Court further finds the Bureau of Prisons has the authority to increase Lauderdale's payments based on his available resources and to consider gifts from his family in determining his payment amount and schedule. Accordingly, to the extent the Court has construed Lauderdale's letter as a motion to adjust his payment plan (Doc. 195), it is **DENIED**.

**IT IS SO ORDERED.**

DATED:   October 29, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**